**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Dennis P. DIMICK, Defendant–Appellee.**

No. 92–1132.

United States Court of Appeals,
Tenth Circuit.

April 8, 1993.

Kathleen A. Felton, Dept. of Justice, Washington, DC (Michael J. Norton, U.S. Atty., Guy Till and Kathleen M. Tafoya, Asst. U.S. Attys., Denver, CO, with her on the brief), for plaintiff-appellant.

David A. Lane (Joseph D. Swenson with him on the brief), Denver, CO, for defendant-appellee.

Before EBEL and KELLY, Circuit Judges and VRATIL, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

The government appeals the district court's order granting Defendant's motion to suppress. 790 F.Supp. 1543. Our jurisdiction arises under 18 U.S.C. § 3731 and we affirm.

## Background

Mr. Dimick was a passenger aboard an Amtrak train which arrived in Denver from Los Angeles. Drug Enforcement Administration (DEA) agents boarded the train and asked an Amtrak conductor whether he had noticed any suspicious behavior. The conductor reported that Defendant had remained in his compartment the entire trip, had ordered all meals delivered to his compartment, and had tipped with $20 bills. The agents interviewed Defendant and found that he had purchased a one way ticket with cash under an assumed name. They testified that Defendant seemed nervous during the interview.

Although Defendant refused to consent to a search of his compartment, the agents decided to search the compartment and seize Defendant's luggage for a dog sniff. Defendant responded that he had no luggage, even though he was travelling to St. Louis. The agents entered over his objection and, after searching, discovered a bag inside the closed overhead bunk. The bag was not in plain view. The agents removed the bag from the train and placed it with other luggage at the station for a dog sniff. The dog alerted on Defendant's bag. They then searched the bag, without a warrant, discovering one kilogram of methamphetamine. Defendant was arrested at the next train stop.

The district court granted Defendant's motion to suppress evidence of the drugs.

[†] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

The court determined that the agents needed more than reasonable suspicion to search Defendant's sleeper compartment and seize a hidden bag, and that the agents' suspicions did not rise to probable cause.

## Discussion

■■■ As the Government concedes, probable cause is required for a search of a sleeper car. *See United States v. Bloom*, 975 F.2d 1447, 1453 n. 6 (10th Cir.1992). The government contends that probable cause existed, however, based on the following facts: (1) Defendant purchased a one-way ticket, in cash, shortly before travelling; (2) he remained in his compartment during the trip, ordering meals in, and tipping with $20 bills; (3) he was travelling under an assumed name and initially lied about his name, later giving an implausible explanation for the discrepancy; (4) his reason for travelling to St. Louis, that he was selling a house, seemed "questionable;" (5) he appeared nervous when speaking with the officers; (6) he was travelling from a known "source" city for drugs to a "destination" city; (7) he turned off his light before answering the door; and (8) he claimed that he had no luggage for the 36–hour trip. The government argues that the agents had reasonable suspicion to detain Defendant's luggage based on the first seven factors above, and that their suspicion rose to probable cause justifying a search of the compartment when Defendant denied having any luggage.

We accept a trial court's findings of fact unless clearly erroneous, but review de novo the court's finding on Fourth Amendment reasonableness. *Bloom*, 975 F.2d at 1456. Probable cause requires a "fair probability that contraband or evidence of a crime will be found...." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

■■■ The Fourth Amendment " 'protects people from unreasonable government intrusions into their legitimate expec-

tations of privacy.'" *United States v. Place,* 462 U.S. 696, 706, 103 S.Ct. 2637, 2644, 77 L.Ed.2d 110 (1982) (quoting *United States v. Chadwick,* 433 U.S. 1, 7, 97 S.Ct. 2476, 2481, 53 L.Ed.2d 538 (1977)). Brief investigative seizures by peace officers may be appropriate if based on a reasonable suspicion of criminal activity. *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). However, a search of a person's home, or other place of expected privacy, is per se unreasonable absent: (1) probable cause; and (2) a warrant or an exception to the warrant requirement. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). Private sleeper cars on passenger trains are comparable to hotel rooms in that the occupant enjoys a heightened expectation of privacy. *Bloom,* 975 F.2d at 1453 n. 6.

The factors enumerated by the government may very well provide sufficient reasonable suspicion to allow an investigative seizure. *See United States v. Sokolow,* 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). However, they do not rise to probable cause. In *Sokolow,* an airline passenger had paid for his ticket in cash, using an alias, and was travelling to a "source" city for a brief stay. He had not checked any luggage and his reason for travelling was implausible. The Supreme Court found that these factors satisfied reasonable suspicion, noting that the reasonable suspicion standard "is obviously less demanding than that for probable cause." *Id.* at 7, 109 S.Ct. at 1585. Mr. Dimick was similarly situated and a brief investigative detention was therefore justified. *See United States v. Hall,* 978 F.2d 616, 620–21 (10th Cir. 1992). A nonconsensual search of his private compartment was not.

The government relies heavily on Defendant's nervousness to justify probable cause. "While a person's nervous behavior may be relevant, we are wary of the objective suspicion supplied by generic claims that a Defendant was nervous ... after being confronted by law enforcement officials...." *Hall,* 978 F.2d at 621 n. 4 (no reasonable suspicion where defendant was travelling alone in a private train compart-

ment, had paid cash for her ticket, was travelling from a "source" to a "destination" city and appeared nervous when confronted by officers). We also place little weight on the "source" and "destination" drug cities as a factor in Fourth Amendment analysis. The officers here did not have a strong, objective indication of drugs in the compartment that would rise to probable cause. *See United States v. Morin,* 949 F.2d 297, 298 (10th Cir.1991) (odor of marijuana from train compartment provided probable cause); *United States v. Tartaglia,* 864 F.2d 837, 841 (D.C.Cir.1989) (dog alerting at door of train compartment provided probable cause). We leave for another day the question of whether a warrantless search of a train compartment is permissible where probable cause exists.

**AFFIRMED.**